**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MARBELLA VALLE-CRUZ, | No. 18-71668 |
| Petitioner, | Agency No. A205-403-267 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 2, 2020[**]

Before:  SCHROEDER, HAWKINS, and GRABER, Circuit Judges.

Petitioner Marbella Valle-Cruz seeks review of the Board of Immigration

Appeals' ("BIA") denial of her claims for withholding of removal and protection

under the Convention Against Torture ("CAT").  Because we must uphold findings

of fact unless the evidence compels a contrary conclusion, Guo v. Sessions, 897

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

F.3d 1208, 1212 (9th Cir. 2018), we deny the petition.

1. Substantial evidence supports the BIA's denial of withholding of removal because Petitioner failed to demonstrate past persecution or a clear probability of future persecution on account of a protected ground. Tamang v. Holder, 598 F.3d 1083, 1091 (9th Cir. 2010). The evidence does not compel the conclusion that Petitioner's brother was kidnapped on account of his membership in Petitioner's family, rather than on account of the kidnappers' belief that he owned the store. And the evidence does not compel the conclusion that a cartel extorted Petitioner's parents for any reason other than economic gain. See Zetino v. Holder, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft . . . bears no nexus to a protected ground.").

2. Substantial evidence supports the BIA's denial of CAT protection because Petitioner did not meet her burden to show that she would "more likely than not" be tortured "by or with the acquiescence of a government official or other person acting in an official capacity" if she were removed to Mexico. Tamang, 598 F.3d at 1095. As explained above, the evidence does not compel the conclusion that Petitioner would be targeted because of her membership in her family. And "generalized evidence of violence and crime" in Mexico does not satisfy the

2

standard for CAT protection.  <u>Delgado-Ortiz v. Holder</u>, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam).

**PETITION DENIED.**